EXHIBIT A



**Your Missouri Courts**    Search for Cases by: [Select Search Method...]

**Judicial Links** | **eFiling** | **Help** | **Contact Us** | **Print**     GrantedPublicAccess **Logoff KNEPPERMATT**

**16SL-CC04520 - BPP V VIVINT, INC. (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**    Sort Date Entries: ● Descending    Display Options: [All Entries]
**Click here to Respond to Selected Documents**       ○ Ascending

---

**12/22/2016** ☐ **Agent Served**
Document ID - 16-SMCC-9660; Served To - VIVINT, INC.; Server - CT CORP; Served Date - 21-DEC-16; Served Time - 00:00:00; Service Type - Territory 30; Reason Description - Served; Service Text - LC

**12/08/2016** ☐ **Summons Issued-Circuit**
Document ID: 16-SMCC-9660, for VIVINT, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**12/07/2016** ☐ **Filing Info Sheet eFiling**
    **Filed By:** RONALD JAY EISENBERG
☐ **Pet Filed in Circuit Ct**
    Class Action Junk-Fax Petition; Ex 1 Junk Fax.
      **On Behalf Of:** BPP
☐ **Judge Assigned**
    DIV 21

Case.net Version 5.13.14.3       Return to Top of Page       Released 12/15/2016

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

| | |
|---|---|
| BPP, | ) |
| | ) |
|     **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| | )   **JURY TRIAL DEMANDED** |
| **VIVINT, INC.** | ) |
| | ) |
|     **Serve:** | ) |
|     **C T Corporation System** | ) |
|     **120 South Central** | ) |
|     **Clayton, MO 63105** | ) |
| | ) |
|     **Defendant.** | ) |

## CLASS ACTION JUNK-FAX PETITION

Plaintiff BPP brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendant under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff BPP is a fictitious name registered with the Missouri Secretary of State for a Missouri corporation with its principal place of business in St. Louis County, Missouri.

2.    Defendant Vivint, Inc., is a Utah company in good standing with the Missouri Secretary of State and has its principal place of business at 4931 N. 300 W, Provo, UT 84604.

3.    Defendant is registered with the Missouri Secretary of State to

1

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

transact business in Missouri.

4.     This Court has personal jurisdiction over Defendant under 47 U.S.C. § 227(b)(3), because Defendant sent at least one illegal fax into Missouri, Defendant transacts business within this state, including the promotion and advertising of its services and products to manage dental office security and create "Smart Practice" dental offices within this state, and Defendant has committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner.

5.     Venue is proper under Missouri Revised Statutes § 508.010.2.

**THE FAX**

6.     On or about October 25, 2016, Defendant used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 991-4682 an unsolicited advertisement, a true copy of which is attached as **Exhibit 1** (Fax).

7.     Plaintiff received the Fax through Plaintiff's facsimile machine.

8.     The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

9.     On information and belief, Defendant has sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 100 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on behalf of Defendant.

2

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

10.     Defendant approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

11.     Defendant had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

12.     Defendant created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendant sent to Plaintiff and to other members of the "Class" as defined below.

13.     The Fax, and the other similar or identical facsimile advertisements, sent by or on behalf of Defendant, is part of Defendant's work or operations to market Defendant's products, goods, or services.

14.     The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendant, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

15.     Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice required for all facsimile advertisements must meet the following criteria:

(A)     The notice is clear and conspicuous and on the first page of the advertisement;

(B)     The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C)     The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D)     The notice includes—

(1)     A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2)     If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E)     The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

16.     Senders of fax ads must include certain information in an opt-out notice on the fax, even if the recipient previously agreed to receive fax ads from such senders.  *See* 47 C.F.R. § 64.1200(a)(4)(iv).

17.     Senders of fax ads must comply fully with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

18.     The Fax and Defendant's similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

19.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

20.     On information and belief, Defendant faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

21.     Defendant violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

22.     Defendant knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their prior invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendant's facsimile advertisements did not display a proper opt-out notice.

23.     Defendant failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

24.     Pleading in the alternative to the allegations that Defendant knowingly violated the TCPA, Plaintiff alleges that Defendant did not intend to send transmissions of facsimile advertisements, including the Fax, to any person

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

where the transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendant's own understanding of the law or on the representations of others on which Defendant reasonably relied.

25.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

26.    Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendant a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendant cannot provide evidence of prior express invitation or permission for the sending of such faxes, and (3) either (a) with whom Defendant did not have an established business relationship, or (b) the fax identified in subpart (1) of this definition did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful.

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

27.     Excluded from the Class are Defendant, its employees, agents, and members of the judiciary.

28.     This case is appropriate as a class action because:

a.      <u>Numerosity.</u>  On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 100 persons and is so numerous that joinder of all members is impracticable.

b.      <u>Commonality.</u>  Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i.     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

    ii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendant, contains material advertising the commercial availability of any property, goods or services;

    iii.   Whether the Fax, and other faxes transmitted by or on behalf of Defendant, contains material advertising the quality of any property, goods or services;

    iv.    The manner and method Defendant used to compile or obtain the list of fax numbers to which Defendant sent the Fax and other unsolicited faxed advertisements;

    v.     Whether Defendant faxed advertisements without first obtaining the recipients' prior express invitation or permission;

    vi.    Whether Defendant violated 47 U.S.C. § 227;

    vii.   Whether Defendant willingly or knowingly violated 47 U.S.C. § 227;

    viii.  Whether Defendant violated 47 C.F.R. § 64.1200;

    ix.    Whether the Fax, and the other fax advertisements sent by or on behalf of Defendant, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

    x.     Whether the Court should award statutory damages per TCPA violation per fax;

    xi.    Whether the Court should award treble damages per TCPA violation per fax; and

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

xii.     Whether the Court should enjoin Defendant from sending TCPA-violating facsimile advertisements in the future.

c.     Typicality.  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendant to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.     Adequacy.  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel are experienced in TCPA class actions, having litigated more than 45 such cases, and having been appointed class counsel in multiple cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.     Superiority.  A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

29.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine."  47 U.S.C. § 227(b)(1).

30.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

31.     The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

> (C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

32.     The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

33.     Because the TCPA is a strict liability statute, Defendant is liable to Plaintiff and the Class even if Defendant only acted negligently.

34.     Defendant's actions caused concrete and particularized harm to Plaintiff and the Class, as

a.     receiving Defendant's faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendant's faxes;

b.     Defendant's actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

9

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

c.      Defendant's faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on  business activities; and

d.      Defendant's faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

35.     Defendant intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendant's advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

36.     Defendant knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendant or anyone else to fax advertisements about Defendant's property, goods, or services, (b) Defendant did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

37.     Defendant violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

a.      certify this action as a class action and appoint Plaintiff as Class

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

representative;

b.    appoint the undersigned counsel as Class counsel;

c.    award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.    award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.    enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.    award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

g.    award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.    award Plaintiff prejudgment interest and costs; and

i.    grant Plaintiff all other relief deemed just and proper.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendant and the communication or transmittal of advertisements as alleged herein.

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
     Ronald J. Eisenberg, #48674
     Robert Schultz, #35329
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005
     636-537-4645
     Fax:  636-537-2599
     reisenberg@sl-lawyers.com
     rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

Electronically Filed - St Louis County - December 07, 2016 - 09:52 AM

Law Offices of Philip M. Horwitz, L.L.C.

By:  /s/ Philip M. Horwitz
     Philip M. Horwitz, #38493
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005-1221
     (314) 481-6733
     Fax:  (314) 481-6732
     pmhlth@aol.com

*Attorney for Plaintiff*

Electronically Filed - St. Louis County - December 07, 2016 - 09:52 AM

25-Oct-2016  13:36    Dental Product Shopper                    732 577 6595          p.1

**vivint.** SmartHome    TechCentral



74% of dentists keep their offices safe with security.*

# Your dental practice is about to get smarter.

The arrival of smart home technology has forever altered the security industry. Now, many of the most amazing advances in this technology are being used by dentists to create "Smart Practices".

Henry Schein TechCentral has now partnered with Vivint Smart Home to revolutionize the way you manage your dental office using onsite security and automation systems that are bundled specifically with the dental industry in mind.

These smart practice solutions include industry leading door sensors, motion detectors, flood sensors, cameras, smart thermostats and more to help decrease your costs and increase the productivity of your dental office staff.

---

Join TechCentral as they host a local seminar to discover how Vivint Smart Home can convert your office into a "Smart Practice".

A Smart Practice Can Help

- Demonstrate that you are innovative and cutting edge
- Increase your patient and employee safety
- Decrease the risk of theft or vandalism
- Decrease the damage of flooding as a result of equipment failure
- Improve onsite and offsite office staff communication
- Save you money with smart thermostats

Discover your "smart practice" solutions on Friday, November 18.

Register at www.HSTechCentral.com/Vivint/KansasCity

**When:**

Friday, November 18 | 10am - 11:30am

**Where:**

Marriott Overland Park
10800 Metcalf Avenue
Overland Park, Kansas 66210

---

You have received this fax because you receive Dental Product Shopper Magazine. If you do not wish to receive faxes such as this in the future, you may advise us to remove your name from our fax list by email, fax or telephone. Opt Out information for each method: 1) Email: Cullen@dentalproductshopper.com
2) Telephone: 800-252-4197 3) Fax: 802-891-9630. Please Remember to Alert Us of Your Fax #

Ex. 1

DPS-F-TCViV-Q316



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>NANCY M WATKINS | Case Number:  16SL-CC04520 | |
|---|---|---|
| Plaintiff/Petitioner:<br><br> BPP | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 | |
| vs. | | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br> VIVINT, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  VIVINT, INC.**
                **Alias:**

**CT CORPORATION SYSTEM**
**120 SOUTH CENTRAL AVE**
**CLAYTON, MO  63105**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>08-DEC-2016</u>
**Date**
                                                      **Clerk**

**Further Information:**
**AMH**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____       _____
     Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

        Subscribed and sworn to before me on _____ (date).

*(Seal)*

        My commission expires: _____     _____
                                   Date                                  Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 16-SMCC-9660**     3     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

# FILED

**DEC 27 2016**

**JOAN M. GILMER**
**CIRCUIT CLERK, ST LOUIS COUNTY**

| | |
|---|---|
| Judge or Division:<br>NANCY M WATKINS | Case Number:  16SL-CC04520 |
| Plaintiff/Petitioner:<br>BPP | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| vs. | |
| Defendant/Respondent:<br>VIVINT, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to: VIVINT, INC.**
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO  63105

*COURT SEAL OF*

         You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
         **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

*ST. LOUIS COUNTY*

**08-DEC-2016**
Date

*Clerk*

Further Information:
AMH

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☑ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                    Date                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.